**IT IS ORDERED as set forth below:**

**Date: September 30, 2019**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>MARK A. WILLIAMS,<br><br>Debtor. | CASE NO. 15-57280-WLH<br><br>CHAPTER 7 |
| CLAUDETTE ARCADI.,<br><br>Debtor,<br><br>v.<br><br>MARK A. WILLIAMS,<br><br>Defendant. | ADVERSARY PROCEEDING<br>NO. 15-5230 |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment ("Motion") (Docket No. 29). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

## UNDISPUTED FACTS

Plaintiff wired $220,000 to Defendant to purchase a home for Plaintiff. Instead of buying the home discussed, Defendant purchased a different home for $55,736.13 in his name and kept the balance of the funds provided by Plaintiff for his own use. Plaintiff sued Defendant in state court, and the parties entered a consent settlement in which Defendant agreed to transfer the property and repay the balance of the funds to Plaintiff.

Defendant filed for relief under chapter 7 of the Bankruptcy Code on April 20, 2015. Plaintiff filed a complaint initiating this adversary proceeding on May 13, 2015. The matter was set for trial, but trial was ultimately postponed until pending criminal matters were resolved.

On June 3, 2019, Defendant entered a plea of *nolo contendere* to charges of violating the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act. The Superior Court of Henry County entered a judgment against the Defendant and ordered Defendant to pay restitution in the amount of $103,075.

The Court held a status conference on June 20, 2019 at which counsel for Plaintiff and counsel for Defendant were present. The Court stated it would consider whether summary judgment was appropriate in light of the recent order directing Defendant to pay restitution and gave the parties forty-five days to file appropriate pleadings and motions. Plaintiff filed an amended complaint on June 12, 2019. On July 31, 2019, Plaintiff filed the Motion seeking a determination that the sum owed by Defendant is nondischargeable as a matter of law pursuant to sections 523(a)(2)(A), (a)(19)(B)(ii), (a)(4), and (a)(13) of the Bankruptcy Code. Defendant had

2

until August 21, 2019 to respond.  He failed to file a response; consequently, the Motion is deemed unopposed pursuant to Local Rule 7007-1(c).  The Court then sent a notice on September 4, 2019, notifying the parties it was considering, pursuant to Fed. R. Civ. P. 56(f) and Fed. R. Bankr. P. 7056, whether Plaintiff was entitled to summary judgment under 11 U.S.C. § 523(a)(7) since the debt is one for restitution pursuant to a state-court order.  The Court directed the parties to file responses by September 18, 2019.  On September 19, 2019, Defendant filed a response acknowledging 11 U.S.C. §523(a)(7) is applicable in this case.

## CONCLUSIONS OF LAW

Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c).  "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. Fed. R. Civ. P. 56(e).  Rather, the nonmoving party must present specific facts to demonstrate there is a genuine dispute over material facts. Hairston, 9 F.3d at 918.  When reviewing a motion for summary judgment, a court must examine the evidence in the light most

3

favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Id.

The movant is required to submit a separate statement of material facts, and the respondent is required to file a statement controverting any facts in dispute. BLR N.D. Ga. 7056-1(a)(1), (2). Any facts not controverted by the respondent will be deemed admitted. Id. at 7056-1(a)(2). When the material facts are not in dispute, the role of the Court is to determine whether the law supports a judgment in favor of the moving party. Anderson, 477 U.S. at 250.

Cases have long held that courts "possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex, 477 U.S. at 326. Federal Rule of Civil Procedure 56(f) now codifies this concept. It provides that a court may enter summary judgment in favor of a party, even if no motion for relief of that sort has been filed. Rule 56(f) states:

> After giving notice and a reasonable time to respond, the court may:
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Fed. R. Civ. P. 56(f). Thus, the court can grant summary judgment on grounds not raised by the party when appropriate so long as the Court has given the parties notice of its intentions and a reasonable time to respond. Fed. R. Civ. P. 56(f).

The Restitution Claim is Nondischargeable

A presumption exists all debts owed by the debtor are dischargeable unless the party contending otherwise proves nondischargeability. 11 U.S.C. § 727(b). The purpose of this "fresh start" is to protect the "honest but unfortunate" debtors. U.S. v. Fretz (In re Fretz), 244 F.3d 1323, 1326 (11th Cir. 2001). The burden is on the creditor to prove an exception to discharge by a

4

preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 287-88 (1991); St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 680 (11th Cir. 1993). Courts should narrowly construe exceptions to discharge against the creditor and in favor of the debtor. Equitable Bank v. Miller (In re Miller), 39 F.3d 301 (11th Cir. 1994); St. Laurent, 991 F.2d at 680.

Plaintiff contends Defendant's debt should be deemed nondischargeable as a claim for restitution pursuant to inter alia, section 523(a)(13). Section 523(a)(13) excludes from discharge debts for payment of an order of restitution issued under title 18 of the United States Code. By its terms, however, section 523(a)(13) applies only to restitution orders issued for a federal criminal offense under title 18. It does not apply to restitution orders issued in state criminal prosecutions.[1] Debtor was charged, and restitution was ordered, pursuant to Georgia state law. The restitution order was not issued for a federal criminal offense and, therefore, does not constitute a nondischargeable debt under section 523(a)(13).

Nevertheless, the debt may still be excepted from debt because state criminal court restitution orders are nondischargeable pursuant to section 523(a)(7). The Court identified this section as potentially applicable and provided the parties an opportunity to respond pursuant to Fed. R. Civ. P. 56(f). Defendant responded acknowledging section 523(a)(7) applies to make the debt nondischargeable. Section 523(a)(7) excepts from bankruptcy discharge a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7). The law is clear that restitution payments constitute debts excepted from discharge under Section 523(a)(7). Fin. Servs., Inc. v. Rogers (In re Rogers), Nos. 13-70614-BEM, 14-5164-BEM, 2015 WL 1038303

---

[1] Section 523(a)(13) is narrower than the comparable exception set forth in section 1328(a)(3). Section 1328(a)(3) excepts from a chapter 13 discharge any debt "for restitution . . . included in a sentence on the debtor's conviction of a crime." In contrast, section 523(a)(13) excepts from discharge a debt "for any payment of an order of restitution issued under title 18, United States Code."

5

(Bankr. N.D. Ga. Jan. 30, 2015). Indeed, the Supreme Court has held that a restitution obligation, imposed in a criminal proceeding is not subject to discharge in a chapter 7 proceeding. Kelly v. Robinson, 479 U.S. 36 (1986). In Kelly, the Supreme Court found that, because the "criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole", restitution is not actually for the benefit of the victim but in in the nature of a fine, like any other fine that is excepted from discharge. Id. at 51-2. The Supreme Court explained: "Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation . . . restitution orders imposed in such proceedings operate 'for the benefit of' the State. Similarly, they are not assessed 'for . . . compensation' of the victim. The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7)." Id. at 53. The Supreme Court concluded, "Section 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." Id. at 50. The Eleventh Circuit has confirmed this is the case, regardless of the recipient of the restitution payments. Colton v. Verola (In re Verola), 446 F.3d 1206 (11th Cir. 2006). Thus, the law is clear state restitution payments constitute debts excepted from discharge under section 523(a)(7).

The Court finds summary judgment is warranted pursuant to 523(a)(7). The undisputed facts show the Superior Court of Henry County ordered Defendant to pay restitution in the amount of $103,075 as part of his criminal sentence. The Court finds there are no genuine issues of material fact and Defendant's obligation to pay restitution is nondischargeable under section 523(a)(7). The Court need not address Plaintiff's contention that Defendant's obligation is also nondischargeable pursuant to sections 523(a)(2)(A), (a)(19)(B)(ii), and (a)(4).

## **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Defendant's obligation to pay restitution is **EXCEPTED FROM DISCHARGE** pursuant to section 523(a)(7) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that judgment is entered for the Plaintiff that the debt is nondischargeable, but the complaint also asserts a claim that Debtor is not entitled to a discharge under section 727 of the Bankruptcy Code. That claim remains pending. Plaintiff is directed to file a statement on the docket by October 10, 2019 as to her intentions to prosecute the section 727 claim.

The Clerk's Office is directed to serve a copy of this order on Plaintiff, Plaintiff's counsel, Defendant, and Defendant's counsel.

## **END OF DOCUMENT**